# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN CRUZ-DROZ, | : | |
| Plaintiff, | : | CASE NO. 3:17-cv-1291 (MPS) |
| | : | |
| v. | : | |
| | : | |
| LIEUTENANT MARQUIS, et al., | : | |
| Defendants. | : | MARCH 16, 2018 |
| | : | |

**INITIAL REVIEW ORDER RE SECOND AMENDED COMPLAINT**

Plaintiff Jonathan Cruz-Droz, currently incarcerated at the Cheshire Correctional Institution in Cheshire, Connecticut, filed this case *pro se* under 42 U.S.C. § 1983 asserting claims for violation of his Eighth Amendment rights. On February 26, 2018, with the assistance of counsel, the plaintiff filed this second amended complaint naming six defendants: Captain Manning, Mental Health Officer Rosado, Psychiatrist John Doe a/k/a WM Gillian, Dr. John Coleman, Medical Staff John Doe, and Nurse John Doe a/k/a Nurse Pannet.

The Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its

face." *Twombly*, 550 U.S. at 570.

I.    <u>Allegations</u>

On April 20, 2017, the plaintiff was confined at MacDougall-Walker Correctional Institution. ECF No. 31 at 2, ¶ 11. On that day, inmate Ayala was assigned as the plaintiff's cellmate. *Id.* ¶ 12. Inmate Ayala wore a card or special designation on his person indicating that he had violent tendencies. *Id.* ¶ 13. The plaintiff asked Captain Manning if the plaintiff or inmate Ayala could be moved because of inmate Ayala's violent tendencies. Captain Manning denied the request. *Id.* ¶ 14.

On April 24, 2017, inmate Ayala had a psychotic episode while in the cell with the plaintiff. *Id.* at 3, ¶ 15. The plaintiff tried to calm inmate Ayala but was unsuccessful. *Id.* ¶ 16. Inmate Ayala covered the cell door window so the guard could not see into the cell. *Id.* ¶ 17. He also pushed his mattress against the cell door to prevent guards from entering the cell. *Id.* ¶ 18. Captain Manning asked the inmates to stop what they were doing. *Id.* ¶ 19. The plaintiff told Captain Manning that he was complying with prison rules and that inmate Ayala was causing the disturbance. *Id.* ¶ 20. The plaintiff then sat on his bunk away from the disruption at the cell door. *Id.* ¶ 21.

When inmate Ayala refused to comply with the orders, Captain Manning sprayed a chemical agent into the cell to subdue inmate Ayala. *Id.* ¶¶ 22-23. The plaintiff was exposed to the effects of the chemical agent. *Id.* ¶ 24. Inmate Ayala was restrained. *Id.* at 6, ¶ 25.

The plaintiff was taken to another cell free from any chemical agent residue. *Id.* The plaintiff repeatedly asked Captain Manning and Medical Staff Doe for medical treatment for the effects of the chemical agent. *Id.* ¶ 26. They refused his requests. *Id.* ¶28. The plaintiff told

Officer Rosado that he was experiencing severe anxiety and asked to speak with a psychiatrist or psychologist. *Id.* at 7, ¶ 26. Officer Rosado denied the request. *Id.* ¶ 27.

On April 28, 2017, Dr. Coleman met briefly with the plaintiff to discuss the possibility of a consultation. *Id.* ¶ 28. He disregarded the plaintiff's complaints about increased anxiety. *Id.* ¶ 29. Following the incident, the plaintiff experienced post-traumatic stress disorder. His repeated requests for treatment by Dr. Coleman and Psychiatrist Doe were denied. *Id.* at 8, ¶ 30.

Nurse Doe met with the plaintiff on May 2, 2017, but disregarded his complaints of anxiety and denied treatment by a psychiatrist or psychologist. *Id.* ¶ 31. On May 9, 2017, Psychiatrist Doe treated the plaintiff for anxiety and panic attacks. *Id.* ¶ 32.

II. Analysis

The plaintiff includes five counts in his complaint: (1) deliberate indifference to safety by Captain Manning; (2) use of excessive force by Captain Manning; (3) deliberate indifference to a serious medical need by Captain Rosado and Medical Staff Doe; (4) deliberate indifference to a serious mental health need by Dr. Coleman, Officer Rosado, Psychiatrist Doe, and Nurse Doe; and (5) harassment by Captain Manning and Officer Rosado.

A. Deliberate Indifference to Safety

The plaintiff first alleges that defendant Manning was deliberately indifferent to his safety when he placed inmate Ayala in the plaintiff's cell. Prison officials have a duty to make reasonable efforts to ensure inmate safety. To establish a constitutional violation for deliberate indifference to safety or failure to protect an inmate from harm, an inmate must show that the conditions of his incarceration posed a substantial risk of serious harm and that prison officials were deliberately indifferent to his safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Deliberate indifference exists when prison officials know of and disregard an excessive risk to inmate safety. *See id.* at 837; *Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference).

The plaintiff alleges that inmate Ayala wore a card or other special designation indicating that he had violent tendencies. He does not allege that inmate Ayala had assaulted his cellmates in the past or that inmate Ayala threatened or harmed him in any way. Nor does he allege that any of the injuries he suffered resulted from an assault or other violence against him by Ayala. Indeed, the allegations do not suggest that the incident was caused by inmate Ayala's violent tendencies. The plaintiff alleges that inmate Ayala experienced a psychotic episode and blocked the window and door. There are no facts suggesting that defendant Manning was on notice of such episodes. The only injuries alleged, exposure to a chemical agent, are too unrelated to inmate Ayala's alleged violent tendencies to show that defendant Manning would have drawn the inference that the plaintiff might be injured should force be necessary to extract inmate Ayala from the cell. *See, e.g., Encarnacion v. Dann*, 80 F. App'x 140, 141 (2d Cir. 2003) (affirming summary judgment for defendants on plaintiff's Eighth Amendment failure to protect claim where plaintiff "suffered no actual injury from the defendants' alleged failure to provide him protection from" another inmate). The deliberate indifference to safety claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

B. Use of Excessive Force

The plaintiff alleges that defendant Manning used excessive force against him by deploying an excessive amount of chemical agent into the cell. The use of excessive force

4

against a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 34, 36 (2010) (per curiam). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained but rather whether force was applied in a good faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7).

The plaintiff alleges that the chemical agent was deployed to gain compliance from inmate Ayala. There are no facts suggesting that Captain Manning deployed the chemical agent in bad faith to cause harm. Courts considering this issue have held that the exposure of non-disruptive inmates to a chemical agent is not cognizable under section 1983. The court addressed a similar situation in *Feliz-Ayala v. Semple*. No. 2:10cv696 (SRU), 2012 WL 1946068 (D. Conn. May 30, 2012). There, the plaintiff was confined in a cell with a disruptive inmate who had covered the cell door window and blocked the door. The court held that it would have been very difficult to remove the non-disruptive inmate from the cell before deploying a chemical agent and taking other steps to subdue the disruptive inmate and, therefore, the correctional staff reasonably followed departmental procedures. The court rejected the plaintiff's claim regarding exposure to the chemical agent. *Id.* at *8; *see also White v. City of New York*, No. 16 Civ. 6183(LGS), 2017 WL 3575700, at *4 (S.D.N.Y. Aug. 17, 2017) (rejecting claim that correctional staff should have ensured that inmates who were present but not involved in disturbance were protected from exposure to chemical agent as negligence only); *Waller v. Back*, No. Civ.A. 706CV00188, 2006 WL 903231, at *1 (W.D. Va. Apr. 7, 2006) (claim that guard sprayed chemical agent into cell to subdue another inmate dismissed sua sponte because officer

5

used reasonable force and injuries *de minimis*); *Bolden v. O'Leary*, No. 89 C 6230, 1995 WL 340961, at *5 (N.D. Ill. June 2, 1995) (where correctional officer used chemical agent on inmate who was approaching him in a threatening manner in the midst of other inmates refusing to obey direct orders, plaintiff-inmate's inadvertent exposure to chemical agent was not actionable under section 1983).

The plaintiff alleges that defendant Manning deployed the chemical agent to subdue inmate Ayala and restore discipline. He does not allege any facts suggesting a malicious or sadistic intent. The excessive force claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

C.  Deliberate Indifference

The Eighth Amendment forbids deliberate indifference to serious medical or mental health needs of prisoners. *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). To establish a claim for deliberate indifference to a serious medical or mental health need, the plaintiff must allege facts demonstrating two elements.

The first element is objective: "the alleged deprivation of adequate medical care must be sufficiently serious." *Id*. (internal quotation marks omitted). Under this objective element, a court must determine first, "whether the prisoner was actually deprived of adequate medical care," and second, "whether the inadequacy in medical care is sufficiently serious." *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). Factors relevant to the seriousness of a condition include whether a reasonable doctor or patient would find it important and worthy of comment, whether the condition significantly affects the plaintiff's daily activities, and whether the condition causes chronic and substantial pain. *Id.* at 280.

The second element is subjective; the defendants "must be subjectively reckless in their

6

denial of medical care." *Spavone*, 719 F.3d at 138. The inquiry is whether each defendant "has knowledge that an inmate faces a substantial risk of serious harm and ... disregards that risk by failing to take reasonable measures to abate the harm." *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994)) (internal quotation marks omitted). The defendants must have acted or failed to act "while actually aware of a substantial risk that serious inmate harm will result." *Nielsen v. Rabin*, 746 F.3d 58, 63 (2d Cir. 2014) (internal quotation marks omitted).

1. Medical Needs

The plaintiff alleges that, after he was removed to a new cell, he asked Captain Manning and Medical Staff Doe for medical attention to treat the physical symptoms and pain caused by exposure to the chemical agent. They denied his requests, causing him to experience impaired vision, difficulty breathing, and skin irritation. The plaintiff alleges that he was "forced to endure significant amounts of pain and discomfort for a longer period of time than he should have." ECF No. 31 at 7, ¶ 29. The plaintiff does not allege that he was permitted to shower to decontaminate himself after exposure to the chemical agent.

Courts considering similar claims have considered similar allegations sufficient to state a plausible deliberate indifference claim. *See, e.g., Alston v. Semple*, No. 3:16-cv-1428 (SRU), 2017 WL 2125746, at *4 (D. Conn. May 16, 2017) (pain suffered as a result of exposure to a chemical agent and denial of shower for decontamination states deliberate indifference claim); *see also, e.g., Parsons v. City of New York*, No. 17-CV-2707 (MKB), 2017 WL 2656135, at *3 (E.D.N.Y. June 19, 2017) (exposure to chemical agent and denial of medical treatment states

7

deliberate indifference claim) (citing cases). The plaintiff's claim for deliberate indifference to a serious medical need will therefore proceed.

    2.   Mental Health Needs

The plaintiff alleges that Dr. Coleman, Officer Rosado, Psychiatrist Doe, and Nurse Doe were deliberately indifferent to his serious mental health needs. The incident occurred on April 24, 2017. The plaintiff generally alleges that Dr. Coleman and Psychiatrist Doe repeatedly denied his requests for treatment. Dr. Coleman met briefly with him on April 28, 2017. He discussed the possibility of mental health treatment, but provided no treatment at that time. Nurse Doe met with the plaintiff on May 2, 2017, but did not recommend treatment by a psychiatrist or psychologist. Psychiatrist Doe provided treatment one week later, on May 9, 2017. The plaintiff also alleges that defendant Rosado ignored his requests for mental health treatment.

The plaintiff alleges that he received treatment on May 9, 2017, and does not assert a claim that the treatment was inadequate. Thus, his claim concerns only the lack of treatment between April 24, 2017, and May 9, 2017, a period of fifteen days. Where the claim is for a temporary delay in otherwise adequate treatment, the Court focuses on the delay, rather than merely on the plaintiff's underlying medical or mental health need, to determine whether the need is sufficiently serious to support a deliberate indifference claim. *See Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003).

The plaintiff alleges that he specifically requested mental health treatment from Nurse Doe, Officer Rosado, and Dr. Coleman for anxiety. He also alleges that he had been suffering from post-traumatic stress syndrome and that his repeated requests for treatment by Dr. Coleman

8

and Psychiatrist Doe were denied. Dr. Coleman spoke to the plaintiff regarding the possibility of mental health treatment and the plaintiff was treated eleven days later. The plaintiff was seen by Psychiatrist Doe seven days after Nurse Doe refused the plaintiff's request for mental health treatment. As a result of the delay in mental health treatment, Plaintiff suffered from increased anxiety, panic attacks, insomnia, and post-traumatic stress syndrome. ECF No. 31 at 8, ¶ 35.

Drawing all reasonable inferences in favor of the plaintiff at the pleadings stage, the Court concludes that plaintiff sufficiently alleges that his need for treatment was sufficiently serious, as he suffered from increased anxiety, panic attacks, insomnia, and post-traumatic stress syndrome as a result of the fifteen-day delay. *See Hathaway v. Coughlin*, 37 F.3d 63, 67-69 (2d Cir. 1994) (delay in treatment could support inference of deliberate indifference); *Torrez v. Dep't of Correction*, No. 3:17-CV-01223 (SRU), 2017 WL 3841681, at *4 (D. Conn. Sept. 1, 2017) (lack of mental health treatment for post-traumatic stress disorder and other mental illnesses supported claim for deliberate indifference to mental health needs); *Card v. Coleman*, No. 3:14-CV-830 (SRU), 2014 WL 5420894, at *3 (D. Conn. Oct. 22, 2014) (plaintiff stated plausible claims of deliberate indifference to mental health needs where prison officials failed to treat him for, among other conditions, anxiety and insomnia). The plaintiff also alleges that the defendants were aware of a substantial risk that he would suffer serious harm as a result of the delay, as he specifically requested mental health treatment for severe anxiety. The claim for deliberate indifference to mental health needs will therefore proceed.

D. <u>Harassment</u>

In the fifth count, the plaintiff alleges that following the incident, Captain Manning and Officer Rosado have mocked him, laughed at him, and made fun of him for asking to see mental

9

health staff. As a result, the plaintiff alleges that his anxiety has increased and he suffers from panic attacks more frequently. This conclusory statement does not comply with the requirement that the complaint set for the sufficient facts to state a plausible claim for relief. *See Twombly*, 550 U.S. at 570.

Further, it is well-established in this circuit that verbal harassment unaccompanied by any injury does not rise to the level of a constitutional violation regardless how inappropriate, unprofessional, or reprehensible the statements may be. *Cusamano v. Sobek*, 604 F. Supp. 2d 416, 490 & n.166 & 167 (N.D.N.Y. 2009) (citing cases). The addition of a physical, or in some cases a psychological, injury, however can state a constitutional claim if the injury is not *de minimis*. *Id.* at 490-91. For harassment claims involving psychological injury, that injury must have been intentionally inflicted and be more than *de minimis*. *Id.* at 491 & n.169 (citing cases).

In *Shabazz v. Pico*, 994 F. Supp. 460, 474-75 (S.D.N.Y. 1998), the court considered a similar claim. The plaintiff alleged that the defendants used racial slurs causing him to be psychologically and emotionally injured. The court rejected the claim as stating only a *de minimis* injury. *Id.* The court found the allegations "did not rise to the level of the malevolent conduct described in *Jermosen* [*v. Coughlin*, No. 87 Civ. 6267 (RJW), 1993 WL 267357, at *6 (S.D.N.Y. July 9, 1993), *aff'd*, 41 f.3d 1501 (2d Cir. 1994)], where the court found the plaintiff suffered only *de minimis* psychological harm when correctional officers 'approached Jermosen with their nightsticks raised in a threatening position' before conducting a strip frisk." *Shabazz,* 994 F. Supp. at 475.

The plaintiff alleges that defendants Manning and Rosado made fun of him. Although he alleges that the harassment caused him to experience increased anxiety and more frequent panic

10

attacks, he asserts this same injury in all counts.  Thus, the allegations do not suggest that these conditions were caused by the statements.  Accordingly, the harassment claim is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

III.     Conclusion

The Court enters the following orders:

(1)     The claims for deliberate indifference to safety, use of excessive force, and harassment are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).  The case will proceed on the deliberate indifference to medical needs and deliberate indifference to mental health needs claims against Captain Manning, Officer Rosado, Psychiatrist Doe a/k/a WM Gillian, Dr. Coleman, Medical Staff Doe, and Nurse Doe, a/k/a Nurse Pannet.

(2)     The Clerk is directed to terminate as defendants the forty-one persons named as defendants in prior complaints.

(3)     **The Clerk shall** verify the current work addresses for Captain Manning, Officer Rosado, Psychiatrist Doe a/k/a WM Gillian, Dr. Coleman, and Nurse Doe a/k/a Nurse Pannet with the Department of Correction Office of Legal Affairs, mail waiver of service of process request packets containing the Second Amended Complaint to defendants at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing.  If a defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on him in individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent.  If defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  Defendants also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     The Clerk cannot effect service on defendant Medical Staff Doe without his full name and current work address.  The plaintiff is directed to obtain this information through discovery in this case and file a notice with the service information.  Once the service information is provided, the Court will order service on defendant Medical Staff Doe.

**SO ORDERED** this 16th day of March 2018 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge