UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JONATHAN CRUZ DROZ, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:17-cv-1291 (MPS) |
| | : | |
| MARQUIS, et al., | : | |
| Defendants. | : | |

**RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The plaintiff, Jonathan Cruz Droz, commenced this civil rights action *pro se*. On February 26, 2018, with the assistance of counsel, the plaintiff filed a second amended complaint against seven defendants, Rosado (Mental Health), Lieutenant Rosado, Manning, Doe Psychiatrist, John Coleman, Doe Medical Staff, and Doe Nurse. Following initial review of the second amended complaint, the Court determined that only the claim deliberate indifference to medical and mental health needs would proceed against defendants Captain Manning, Officer Rosado, Psychiatrist Doe a/k/a/ WM Gillian, Dr. Coleman, Medical Staff Doe, and Nurse Doe a/k/a Nurse Pannet. ECF No. 32.

The Court was unable to effect service on defendants Rosado, Gillian, Coleman, and Pannet. Without a name, the Court was could not even try to effect service on defendant Doe. The plaintiff was directed to obtain their correct names and service addresses by consulting his medical records or through discovery. ECF No. 34. He did not do so. Thus, on April 9, 2019, the Court dismissed the claims against all named defendants except Captain Manning. ECF No. 45.

Defendant Manning has filed a motion for summary judgment on the ground that he was not personally involved in the underlying incident. The plaintiff has neither responded to the

motion nor sought an extension of time within which to do so.  For the following reasons, the motion for summary judgment is granted absent objection.

I.      Standard of Review

A motion for summary judgment may be granted only where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56(a), Fed. R. Civ. P.; *see also Nick's Garage, Inc. v. Progressive Cas. Ins. Co.,* 875 F.3d 107, 113-14 (2d Cir. 2017).  "A genuine issue of material fact exists if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Nick's Garage*, 875 F.3d at 113-14 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  Which facts are material is determined by the substantive law.  *Anderson*, 477 U.S. at 248.  "The same standard applies whether summary judgment is granted on the merits or on an affirmative defense …."  *Giordano v. Market Am., Inc.*, 599 F.3d 87, 93 (2d Cir. 2010).

The moving party bears the initial burden of informing the court of the basis for its motion and identifying the admissible evidence it believes demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the moving party meets this burden, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  He cannot "'rely on conclusory allegations or unsubstantiated speculation' but 'must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact.'"  *Robinson v. Concentra Health Servs.*, 781 F.3d 42, 34 (2d Cir. 2015) (citation omitted).  To defeat a motion for summary judgment, the nonmoving party must present such evidence as would allow a jury to find in his favor.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

2

Although the court is required to read a self-represented "party's papers liberally and interpret them to raise the strongest arguments that they suggest," *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015), "unsupported allegations do not create a material issue of fact" and do not overcome a properly supported motion for summary judgment. *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000).

II.     Facts[1]

In April 2017, the plaintiff was confined at MacDougall-Walker Correctional Institution ("MacDougall"). ECF No. 48-2 ¶ 1. On April 24, 2017, the plaintiff's cellmate had a psychotic episode resulting in the use of a chemical agent. *Id.* ¶ 2.

Defendant Manning is employed by the Department of Correction as a Correctional Captain. *Id.* ¶ 4. He has worked for the Department of Correction since August 2000. *Id.* ¶ 5. In April and May 2017, defendant Manning was assigned to Osborn Correctional Institution. *Id.* ¶ 6. He did not work at MacDougall during that time and, in fact, has never worked there. *Id.* ¶¶ 6-7. Defendant Manning does not know, and does not believe that he has ever met, the plaintiff. *Id.* ¶ 8.

III.    Discussion

Defendant Manning moves for summary judgment the ground that he was not involved in

---

[1] The facts are taken from the defendant's Local Rule 56(a)1 Statement and attached exhibit. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicates whether the opposing party admits or denies the facts set forth by the moving party. Although defendant informed the plaintiff of this requirement, ECF No. 48-3, the plaintiff has neither submitted any opposition papers nor sought an extension of time within which to do so. Accordingly, the defendant's facts are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)1 ("All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Rule 56(a)2.").

the incident underlying the complaint.

A prerequisite to an award of damages under section 1983 is the defendant's personal involvement in the alleged constitutional deprivation. *Williams v. Smith*, 781 F.2d 319, 323 (2d Cir. 1986) (citing *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977)). The plaintiff seeks only damages from defendant Manning. Thus, he must show that defendant Manning was personally involved, *i.e.*, that he denied the plaintiff medical care for exposure to a chemical agent.

Defendant Manning has submitted his affidavit stating that he was working at a different correctional facility in April 2017, has never worked at MacDougall, and does not recall ever meeting the plaintiff. Although the record included hundreds of pages of submissions and exhibits filed by the plaintiff, there is no reference to defendant Manning. Further, the plaintiff has not responded to the motion for summary judgment and, therefore, has submitted no evidence to support his allegation that defendant Manning denied him medical attention at MacDougall on April 24, 2017. Absent any evidence to support the claim against defendant Manning, the motion for summary judgment is granted.

IV. Conclusion

The defendant's motion for summary judgment [**ECF No. 48**] is **GRANTED.** The Clerk is directed to enter judgment in favor of the defendant and close this case.

**SO ORDERED** this 9th day of October 2019 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge